By the Court, Bronson, J.
The defendant, who is an attorney at law, employed the plaintiff for about one year, to work in his office, copying papers and doing other things, such as are usually done by a clerk in an attorney’s office, at a weekly salary; and in this action, the plaintiff, among other things, claimed to recover for his labor in the office on Sundays during the year, over and above the weeldy salary. The referees have allowed $19 for those Sunday services; and they have also allowed the plaintiff $3, for work done in the office on Sunday, after the general employment! was at an end. These services were rendered in the ordinary call *77 ing of the parties, and were, I think, within the prohibition of the statute against “working” on Sunday. (1 JR. S. 675, § 70.) There is no ground for saying, that the case is within the exception. These were not “ works of necessity or charity,” and there is no pretence that the parties keep the last day of the week. I think the referees erred in allowing the $22.
The defendant is a justice of the peace, and the plaintiff, during his employment in the office, was often sworn as a witness, in suits pending before the defendant. The referees have allowed the plaintiff $5, for witness’ fees on those occasions. This is wrong. The plaintiff was entitled to a shilling for each attendance, but he had no right of action against the justice for it. His remedy was against the parties on whose behalf he was called. (Andrews v. Bates, 5 John. R. 351.) The defendant said, the plaintiff would be entitled to his fees for swearing as a witness. That was no more than the truth. The plaintiff is entitled to his fees, but not from the defendant
The report must be set aside, unless the plaintiff consents, within twenty days, to deduct $27 from the amount.
Ordered accordingly.